[650 NYS2d 402]

JILL S. BRADSTREET, as Parent and Natural Guardian of CHARLOTTE E. BRADSTREET, an Infant, Appellant, v THOMAS SOBOL, as New York State Commissioner of Education, Respondent.

Third Department, November 27, 1996

APPEARANCES OF COUNSEL

*Kriss, Kriss & Brignola,* Albany *(Charles T. Kriss* of counsel), for appellant.

*Dennis C. Vacco, Attorney-General,* Albany *(Denise A. Hartman* and *Daniel Smirlock* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

As an alternative to public school education, plaintiff provides home schooling to her daughter pursuant to 8 NYCRR 100.10. In this action, plaintiff seeks, *inter alia,* a declaration that a home-schooled child is eligible to participate in interscholastic sports in the local school district where the child resides. Defendant takes the position that a child who is not enrolled in a public school is not eligible to participate in that school's interscholastic sports program.

The relevant regulation provides that "[a] pupil shall be eligible for interschool competition in a sport during a semester, provided that he [or she] is a bona fide student, enrolled during the first 15 school days of such semester" (8 NYCRR 135.4 [c] [7] [ii] [b] [2]). A bona fide student is one who is "regularly enrolled * * * who is taking sufficient subjects to make an aggregate amount of three courses and who satisfies the physical education requirement" (8 NYCRR 135.1 [g]). We reject plaintiff's argument that the regulations governing eligibility for interscholastic sports should be construed as including home-schooled children.

The regulations clearly and unambiguously require enrollment in the school district as a condition for participation in that school's interscholastic sports program. It is equally clear that plaintiff's daughter, who receives her education through home schooling and not in a public school, is not "regularly enrolled" in a public school. That the superintendent of the local school district oversees and approves the home-school instruction provided by plaintiff (*see,* 8 NYCRR 100.10 [c] [5]) does not make plaintiff's daughter a "regularly enrolled" student of the district. The purpose of the superintendent's oversight and approval of home-school instruction is to ensure that the home-schooled student is receiving instruction that is substantially equivalent to the instruction provided to students

in public school (*see*, 8 NYCRR 100.10 [a]). In pursuing the home-schooling alternative to public school education, plaintiff clearly elected not to enroll her daughter in the local school and, therefore, pursuant to the clear and unambiguous wording of the relevant regulations, plaintiff's daughter is not eligible to participate in the local school's interscholastic sports program.

Plaintiff next contends that the refusal to permit her daughter to participate in the local school's interscholastic sports program violates the due process and equal protection provisions of the State and Federal Constitutions. As participation in interscholastic sports is merely an expectation and no fundamental right is involved, plaintiff's due process argument is patently meritless (*see*, *Matter of Caso v New York State Pub. High School Athletic Assn.*, 78 AD2d 41, 46).

As for plaintiff's equal protection claim, the relevant inquiry is whether the distinction created by the eligibility requirement bears a rational relationship to a legitimate State purpose (*see*, *Archbishop Walsh High School v Section VI of N. Y. State Pub. High School Athletic Assn.*, 88 NY2d 131, 136). A plausible reason for the nonsuspect classification is sufficient (*see*, *supra*, at 136). We note that the challenged requirement does not create a classification based upon the status of plaintiff's daughter as a home-schooled student, but, rather, the classification is based upon her lack of enrollment in the public school where she seeks to participate in the interscholastic sports program, a classification which clearly includes other students, such as those who attend private or parochial schools. We see nothing irrational in requiring that a student be enrolled in a public school in order for the student to participate in the school's interscholastic sports program.*

Defendant asserts several grounds as the justification for the enrollment requirement, including that it promotes school spirit and loyalty. Plaintiff questions both the meaning and importance of the concepts of school spirit and loyalty, but we are of the view that the concepts are directly related to the definition of interschool activities as those activities "which provide competition between *representatives* of two or more schools" (8 NYCRR 135.1 [l] [emphasis supplied]). We think it

---

* Plaintiff claims that there are instances when a student is allowed to participate in a public school's interscholastic sports program even though the student is actually enrolled in a neighboring school district. Neither the claim nor the evidence in support of the claim was presented to Supreme Court and, therefore, we will not consider it on appeal.

is rational to require that a student who seeks to represent a school in interscholastic athletic competition be enrolled in the school. Having elected to provide home schooling in lieu of sending her daughter to public school, plaintiff has no legitimate claim that her daughter is an appropriate representative of the public school for competition with other schools.

Defendant also asserts that the enrollment requirement promotes role models who are in regular contact with the student body. Plaintiff opines that not all student-athletes make positive role models and that most role models for today's students are celebrities and others outside the school. Regardless of the validity of plaintiff's opinions, it cannot be said that the role model justification asserted by defendant is not at least a plausible reason for the enrollment requirement. We reach the same conclusion with regard to the other grounds asserted by defendant, which we see no need to discuss in detail. Supreme Court correctly granted defendant's cross motion for summary judgment dismissing the complaint.

CARDONA, P. J., MERCURE, WHITE and SPAIN, JJ., concur.

Ordered that the order and judgment is affirmed, with costs.